IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY M. GODWIN, | ) |
| Plaintiff, | ) ) ) |
| | ) CIVIL ACTION NUMBER: |
| | ) 2:16-cv- |
| vs. | ) JURY DEMAND |
| | ) |
| CORIZON HEALTH, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

**I.   JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e *et seq.*, the "Civil Rights Act of 1991" and 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000 *et seq.* providing for injunctive and other relief against retaliation in employment.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. §12117. Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed this complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

1

**II.     PARTIES**

3. Plaintiff, Kimberly M. Godwin (hereinafter "Godwin" or "Plaintiff"), is a citizen of the United States and, at all times relevant to this lawsuit, was employed with the defendant at its Atmore, Alabama location.

4. Defendant, Corizon Health (hereinafter "Corizon" or "Defendant") is an employer pursuant to 42 U.S.C. §12111(5) and is doing business in the State of Alabama.

**III.    CAUSES OF ACTION - RETALIATION**

5. The plaintiff adopts and incorporate by reference the allegations contained in paragraphs 1-4 above.

6. The plaintiff was initially hired by the defendant in September 2009 and rehired in May 2012. Plaintiff was employed as a Licensed Practical Nurse (LPN).

7. Plaintiff filed a prior EEOC charge against the defendant due to her discharge and said charge was conciliated at the EEOC with the plaintiff obtaining her position back with the defendant.

8. When plaintiff returned to work, there were comments made by management and co-workers about "there is the lady that filed an EEOC charge against us."

9. Beginning in January 2014, the plaintiff took intermittent Family Medical Leave due to a medical condition.

10. Plaintiff was cleared to return to work on April 14, 2014 with restrictions.

11. On March 19, 2014, the plaintiff received a letter from Joan Egan, Short-Term Disability Director, extending her leave from April 14, 2014 to April 28, 2014 because of the restrictions of lifting, bending, pulling and standing due to her medical condition.

2

12. Plaintiff's restrictions were lifted and the plaintiff returned to work on April 29, 2014.

13. On April 29, 2014, Katherine Gibson, Caucasian Health Services Administrator, and Kevin Baugh, Caucasian Director of Nursing, informed the plaintiff that she was being terminated because she failed to see a patient on January 27, 2014.

14. Defendant's reasons for plaintiff's termination were pretext for retaliation in that plaintiff participated in protected activity, i.e., filing previous EEOC charges and taking FMLA leave.

15. The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, an injunctive and a declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

16. As a result of the defendant's actions, the plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, discipline, termination, and other benefits and conditions of employment. Additionally, the plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil

Rights Act of 1964," as amended, 42 U.S.C. §2000e *et seq.*, the "Civil Rights Act of 1991" and 42 U.S.C. §1981.

2. Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e *et seq.*, the "Civil Rights Act of 1991" and 42 U.S.C. §1981.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding her the position(s) she would have had occupied in the absence of retaliation, back-pay (plus interest), declaratory and injunctive relief, compensatory, punitive and/or nominal damges, lost seniority, benefits, and lost pension.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

>Respectfully submitted,
>
>/s/Gregory O. Wiggins
>Gregory O. Wiggins
>Kevin W. Jent
>Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500


**DEFENDANT'S ADDRESS:**
    **TO BE SERVED VIA CERTIFIED MAIL**
Corizon Health
Corporate Office - Headquarters
103 Powell Court
Brentwood, TN 37027

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

_Kimberly M. Godwin_
Plaintiff(s)

v.

_Corizon Health_
Defendant(s)

Civil Action No. 2:16-cv

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Corizon Health
Corporate Headquarters/Office
103 Powell Court
Brentwood, TN 37027

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Gregory O. Wiggins
Wiggins Childs Pantazis Fisher + Goldfarb
The Kress Building
301 4R Street North
Birmingham, AL 35203

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                      *Server's signature*

                                                      _____
                                                      *Printed name and title*

                                                      _____
                                                      *Server's address*

Additional information regarding attempted service, etc: